**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4079**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AUBREY HECKSTALL,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge.  (1:18-cr-00587-RDB-1)

Submitted:  October 13, 2023                          Decided: November 15, 2023

Before AGEE and QUATTLEBAUM, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Justin Eisele, SEDDIQ LAW FIRM, Rockville, Maryland, for Appellant. Erek L. Barron, United States Attorney, Jason D. Medinger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aubrey Heckstall appeals the district court's judgment revoking his supervised release and sentencing him to eight months' imprisonment, followed by one year of supervised release. At the revocation hearing, Heckstall admitted to Violation 1, which charged him with absconding from supervision, in violation of the supervised release conditions requiring that he "report to the probation officer in a manner and frequency directed by the court or probation officer" and "notify the probation officer ten days prior to any change of residence or employment." On appeal, Heckstall raises a new argument: he claims that these conditions were not adequately orally pronounced during his original sentencing hearing, as required by *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020). He therefore contends that the district court lacked the authority to revoke his supervised release based on violations of these conditions because they were, in fact, "a nullity." *See United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021).

In response, the Government alternatively contends this argument is time-barred under Fed. R. App. P. 4(b); it is foreclosed by our precedent, including *United States v. Sanchez*, 891 F.3d 535, 538 (4th Cir. 2018), and *United States v. Johnson*, 138 F.3d 115, 117-18 (4th Cir. 1998); Heckstall waived his argument by failing to raise it at any point prior to the instant appeal; and the claim fails on the merits. Assuming, without deciding, that Heckstall's argument is properly before us in this appeal, no *Rogers* error occurred because the district court incorporated the challenged supervised release conditions by reference. We therefore affirm.

2

Heckstall asserts that we should conduct a de novo review **of** his claim, as we generally do when a defendant challenges the consistency of their oral sentence and the written judgment. *Rogers*, 961 F.3d at 295 (explaining that "[t]he plain-error standard [for reviewing unpreserved arguments] applies only if a defendant has an opportunity to object in the trial court"). However, as the Government emphasizes, at the time of the revocation hearing, the conditions of supervision had been included in Heckstall's written judgment for over three years, and *Rogers* had been decided over two years prior. Despite this, rather than arguing in the district court that the conditions he had allegedly violated were not part of his sentence, Heckstall instead admitted to Violation 1 and repeatedly acknowledged the need for "consequences" for the violation. Because the argument Heckstall raises on appeal was readily available to him at the time of his revocation proceedings, we review his claim for plain error only. To establish plain error, Heckstall must show (1) error, (2) that "is clear and obvious," and (3) that "affected his substantial rights." *United States v. Fowler*, 948 F.3d 663, 669 (4th Cir. 2020) (internal quotation marks omitted). If a defendant makes this showing, we may correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (cleaned up).

"[A] district court may satisfy its obligation to orally pronounce discretionary conditions through incorporation—by incorporating, for instance, all Guidelines 'standard' conditions when it pronounces a supervised-release sentence, and then detailing those conditions in the written judgment." *Rogers*, 961 F.3d at 299. In *United States v. Cisson*, the defendant argued that the district court's statement that "it would impose the mandatory and standard conditions of supervised release . . . failed to adequately announce [the]

3

discretionary conditions" governing his supervised release.  33 F.4th 185, 194 (4th Cir. 2022) (cleaned up).  In rejecting this argument, we explained that because "[t]he District of South Carolina [had] no standing order listing its own 'standard' conditions that differs from the Guidelines list of standard conditions found at [U.S. Sentencing Guidelines Manual] § 5D1.3(c), . . . there is no other set of 'standard' conditions to which the court could have been referring other than the Guidelines 'standard' conditions."  *Id.* (internal quotation marks omitted).

Here, like in *Cisson*, the district court announced at Heckstall's original sentencing that it was imposing, *inter alia*, "the mandatory and standard conditions of supervision." (J.A. 89).[*]  As Heckstall acknowledges, at the time of his sentencing, the District of Maryland did not have a standing order establishing standard conditions of supervised release.  Therefore, by announcing that the "standard conditions of supervision" would govern Heckstall's supervised release, the district court sufficiently incorporated by reference the standard conditions outlined in USSG § 5D1.3(c).  *See Cisson*, 33 F.4th at 194; *see also United States v. Elbaz*, 52 F.4th 593, 612 (4th Cir. 2022) (finding, on plain error review, that district court sufficiently incorporated standard conditions because although defendant "raise[d] a few possible alternative meanings of 'standard and statutory conditions,' the Guidelines conditions are the most obvious meaning in context"), *cert. denied*, No. 22-1055, 2023 WL 6558396 (U.S. Oct. 10, 2023).  And the conditions that Heckstall admitted violating by absconding his supervision—that he "shall report to the

---

[*] "J.A." refers to the joint appendix filed by the parties in this appeal.

probation officer in a manner and frequency directed by the court or probation officer" and "shall notify the probation officer ten days prior to any change of residence or employment"—are included in these standard conditions. *See* USSG § 5D1.3(c)(2), (5).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*